**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

October 16, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-1953

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiff-Appellee*, | |
| *v.* | |
|  | No. 03 CR 1101 |
| MAURICE HARRISON, | |
| *Defendant-Appellant*. | Suzanne B. Conlon, *Judge*. |

**O R D E R**

A jury convicted Maurice Harrison of distributing more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court calculated the applicable range under the United States Sentencing Guidelines. The district court concluded that based on 63 grams of cocaine base (crack cocaine), Harrison's base offense level was 32. Harrison received a two-level enhancement for obstruction of justice which resulted in an adjusted offense level of 34. Harrison's criminal history category of I produced a range under the guidelines of 151 to 188 months' imprisonment. The district court sentenced Harrison to 151 months in prison.

Harrison appealed his conviction and sentence. We affirmed his conviction and concluded the district court had properly calculated the guidelines range. *United States v. Harrison*, 431 F.3d 1007 (7th Cir. 2007). Because Harrison had been sentenced before the

Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), we issued a limited remand in accordance with the procedure set forth in *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). Our limited remand asked the district court whether it would have imposed the same sentence had it known the guidelines were advisory. *Harrison*, 431 F.3d at 1014.

The district court responded that had the sentencing guidelines been advisory when it originally sentenced Harrison, it would have imposed the same sentence of 151 months. The district court also stated that it had given the parties an opportunity to submit their views in writing. The district court noted that Harrison had submitted his views in a *pro se* motion for appointment of counsel (he asked that he receive a sentence of 121 months), and it later struck his *pro se* motion to reconsider.

We decline Harrison's request to remand this case to a different judge with instructions for resentencing. Harrison's case is on plain error review. *See Harrison*, 431 F.3d at 1014; *Paladino*, 401 F.3d at 483-84. The district court's decision on remand reflects that *Booker* did not affect the sentence Harrison received. In particular, the district court stated that under 18 U.S.C. § 3553(a), it would still impose a sentence at the low end of the now advisory guidelines range given the circumstances of Harrison's conduct, his criminal history, his lack of remorse and lack of recidivism, and the necessity of public protection. The district court noted further that Harrison had perjured himself during trial and also that credible evidence had been presented that Harrison had sold crack in the past. Because the outcome would have been the same had the guidelines been advisory, there can be no "plain error." *See United States v. Olano*, 507 U.S. 725, 734 (1993) (to warrant reversal on plain error review, error must have affected the appellant's substantial rights, which in the ordinary case means the appellant must demonstrate that it "affected the outcome of the district court proceedings," and appellate court has discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings). We also note that although Harrison maintains that neither he nor his appellate counsel received the district court's order inviting the parties to submit their views upon remand by January 9, 2006, Harrison's appellate counsel acknowledges that the government served its December 19, 2005 submission regarding the *Paladino* remand upon appellate counsel, which was well in advance of the submission deadline. Finally, the decision to sentence Harrison to the low end of the guidelines range was reasonable under the circumstances. We therefore affirm the judgment of the district court.

Another development has also taken place. Although a statutory mandatory minimum sentence of 10 years still applies, *see* 21 U.S.C. § 841(b)(1)(A), the United States Sentencing Commission has issued new guidelines that retroactively reduced the 100:1 ratio between crack cocaine and powder cocaine guideline ranges that applied when Harrison was sentenced. *See* U.S.S.G. Supp. to App. C., pp. 226-31 (2007) (Amendment 706); U.S.S.G. Supp. to App. C., p. 253 (Amendment 713). The new guideline range for a person held

responsible for 63 grams of crack cocaine with a two-level enhancement and a criminal history category of I is 121 to 151 months.  This means that Harrison can now file a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2).  (The district court may also reduce the sentence on its own initiative, or the director of the bureau of prisons may file a motion instead of the defendant.  18 U.S.C. 3582(c)(2).).